IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BILLY RAY DICKERSON, JR.,           )
                                    )
            Petitioner,             )
                                    )
      v.                            )    1:19CV618
                                    )    1:17CR203-1
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (Docket Entry 53) to vacate, set aside, or correct his sentence. Rule 4(b), Rules Governing Section 2255 Proceedings, states:

> If it plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Petitioner lists a single ground for relief in his Motion in which he claims that his attorney provided ineffective assistance of counsel by wrongfully advising him to plead guilty. Petitioner pled guilty to a single count of possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Petitioner alleges that his attorney misadvised him by telling him that "'because the firearm was not manufactured in North Carolina it had to have travelled [sic] in interstate commerce whether [Petitioner] transported it or not; therefore, [Petitioner] was in fact guilty of possessing a firearm in or affecting commerce.'" (Docket Entry 53, Attach., ¶ 8.) Petitioner contends that this advice was incorrect and that he would not have pled guilty absent the mistake by his attorney.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). As for the commerce element of § 922(g)(1), it has long been the law that "the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it." United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001). Further, the Government need only prove that the firearm traveled across state lines at some point prior to a defendant being found in possession of it. United States v. Smoot, 690 F.3d 215, 222-23 (4th Cir. 2012). There is not a requirement, as Petitioner appears to believe, that he must have been the person to transport the firearm across state lines. In other words, the alleged advice from Petitioner's attorney regarding the commerce element of the charged offense was correct. The attorney did not provide ineffective assistance of counsel by giving correct advice. Accordingly, Petitioner does not allege a violation of the Constitution, laws or treaties of the United States and his Motion should be dismissed. In light of this recommended dismissal pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the United States need not respond. The Clerk will notify Petitioner of this Recommendation, his right to file objections, and any ultimate dismissal and entry of judgment.

IT IS THEREFORE RECOMMENDED that Petitioner's Motion (Docket Entry 53) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 2nd day of July, 2019.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**