IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
BILLY RAY DICKERSON, JR.,     )
                              )
          Petitioner,         )
                              )          1:17CR203-1
     v.                       )          1:19CV618
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )
```

### ORDER

The Recommendation of the United States Magistrate Judge dismissing Petitioner's Motion under 28 U.S.C. § 2255 under Rule 4(b) of the Rules Governing Section 2255 Proceedings was filed with the court in accordance with 28 U.S.C. § 636(b) and, on July 2, 2019, was served on the parties in this action. (Docs. 54, 55.) In lieu of objecting to the Recommendation, Petitioner filed a Motion to Amend § 2255 Motion (Doc. 56), seeking to add contentions that 1) his trial counsel provided ineffective assistance "by failing to file a pretrial motion to dismiss Petitioner's indictment, for being unconstitutionally vague as applied" (id. at 2); 2) "the [G]overnment's interpretation of [18 U.S.C. § 922(g)(1)], as it's applied to [P]etitioner's case, is arbitrary and deprives Petitioner of fair notice" (id. at 3); and 3) "Petitioner is factually innocent of possessing a firearm in or affecting commerce, and to maintain his conviction would be a grave miscarriage of justice" (id.).

The court notes that Petitioner bases the contentions in his Motion to Amend § 2255 Motion on the same legal theory he relied upon in his Section 2255 Motion, i.e., that his trial counsel "advised [him] that: 'because the firearm was not manufactured in North Carolina it had to have travelled in interstate commerce, whether [Petitioner] transported it or not,'" which induced him to "plead guilty to violating [] 18 U.S.C. § 922(g)(1)." (Doc. 53 at 14.) However, none of Petitioner's proposed new contentions alters the validity of the Recommendation's analysis, including that "it has long been the law that 'the Government may establish the requisite interstate commerce nexus by showing that a firearm was manufactured outside the state where the defendant possessed it[,]' United States v. Gallimore, 247 F.3d 134, 138 (4th Cir. 2001)," that "[t]here is not a requirement, as Petitioner appears to believe, that he must have been the person to transport the firearm across state lines," and that "the alleged advice from Petitioner's attorney regarding the commerce element of the charged offense was correct." (Doc. 54 at 2.) The court will therefore deny Petitioner's Motion to Amend § 2255 Motion (Doc. 56) as futile and hereby adopts the Magistrate Judge's Recommendation (Doc. 54).

The court has appropriately reviewed and hereby adopts the Recommendation.

IT IS THEREFORE ORDERED that Petitioner's Motion to Amend § 2255 Motion (Doc. 56) is DENIED, and Petitioner's Section 2255 Motion (Doc. 53) is DENIED. A judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

                                              /s/   Thomas D. Schroeder
                                        United States District Judge

July 31, 2019